**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-03418-REB-BNB

RANDY KAILEY,

    Applicant,

v.

WILLIAM PRICE, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS

**Blackburn, J.**

This matter is before me on the **Application for a Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241** [#5][1] filed March 12, 2012. The respondents filed a response [#18]. I deny the application and dismiss this case.

### I.  JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 2241 (habeas corpus).

### II.  STANDARD OF REVIEW

The applicant, Randy Kailey, brings his application under 28 U.S.C. § 2241(c)(3). In order to be entitled to habeas corpus relief, Mr. Kailey must establish that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28

---

[1] "[#5]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

U.S.C. § 2241(c)(3).  For the reasons stated below, I deny the application.

In considering Mr. Kailey's filings, I am mindful that he is proceeding *pro se* and, therefore, I must construe his pleadings liberally and hold them to a "less stringent standard" than pleadings drafted by lawyers.  **Haines v. Kerner**, 404 U.S. 519, 520 (1972) (per curiam).  Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories.  **See Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim.

Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the court must apply the same standard to counsel licensed to practice law and to a *pro se* party.  **See McNeil v. United States**, 508 U.S. 106, 113 (1993); **Ogden v. San Juan County**, 32 F.3d 452, 455 (10th Cir. 1994).

### III.  FACTUAL BACKGROUND

The applicant, Randy Kailey, is in the custody of the Colorado Department of Corrections (DOC).  On January 10, 1986, Mr. Kailey was sentenced to 16 years in prison on each of two convictions for aggravated incest.  The two sentences were imposed consecutively, resulting in a total sentence of 32 years.  The offenses on which the two convictions are based were committed in October 1984.  From the date of his sentencing to the present, Mr. Kailey has been incarcerated in the DOC.

According to Mr. Kailey, if he were granted all of the earned time credits to which he is entitled, he would be entitled to immediate release from the DOC.  This is true, he

contends, because the total of the time he has served in the DOC, plus his presentence confinement credits, plus his earned time credits would be equal to his 32 year sentence. On this basis, he seeks a writ of habeas corpus requiring that he be released from the DOC.

Mr. Kailey has been awarded 1,709 days of earned time credits, out of a possible total award of 2,850 days of earned time credits. *Response* [#18], Exhibit A-2, ¶ 9. The denial of earned time credits to Mr. Kailey "was due to Kailey's own behavior; such as non-participation in recommended programs, and Code of Penal Discipline convictions for institutional behavior." *Id*. According to Mr. Kailey, the denial of these earned time credits was improper and an award of these denied credits to him would entitle him to release from prison.

## IV.  ANALYSIS

Under Colorado law, good time and earned time credits granted to a DOC inmate do not count as service of the inmate's sentence. **Rather v. Suthers**, 973 P.2d 1264, 1266 (Colo. 1999) (***citing Jones v. Martinez***, 799 P.2d 385, 388 (Colo. 1990)). "(W)hen an inmate's actual time served, presentence confinement credits, and good time or earned time credits equal or exceed his sentence, the inmate is not entitled to unconditional release. . . . " *Id*. Rather, at that point in time, the inmate "may have earned the right to parole, depending upon the applicable sentencing statute." *Id*. Many inmates serving a sentence for a crime committed between July 1, 1979, and July 1, 1985, are entitled to mandatory parole when the amount of time served plus the inmate's good time and earned time credits equal the sentence imposed. **Rather v. Suthers**, 973 P.2d 1264, 1265 (Colo. 1999) (***citing Thiret v. Kautzky***, 792 P.2d 801, 805 (Colo. 1990)).

3

The offenses for which Mr. Kailey is incarcerated were committed in October 1984, within the mandatory parole time window specified in *Rather*, but Mr. Kailey is not entitled to mandatory parole. This is so because Mr. Kailey is serving sentences for sex offenses. *Rather*, 973 P.2d at 1267. Under §17-2-201(5)(a), C.R.S., the parole board has the sole power to grant or refuse to grant parole as to "any person sentenced for conviction of a sex offense, as defined in section 16-13-202(5), C.R.S. . . . ." For many years, Mr. Kailey has been eligible for release on parole. *Response* [#18], Exhibit A-2, ¶ 10. However, the parole board has not exercised its discretion to grant parole to Mr. Kailey. *Id.*

As one basis for his application, Mr. Kailey cites §17-22.5-302(3), C.R.S., which provides:

> (3) For each inmate sentenced for a crime committed on or after July 1, 1979, but before July 1, 1985, the department shall review the performance record of the inmate and shall grant, consistent with the provisions of this section, an earned time deduction from the sentence imposed. Such review shall be conducted at least annually; except that, in the case of an inmate who has one year or less of his sentence remaining to be served, the review shall be conducted at least semiannually. The earned time deduction authorized by this section shall vest upon being granted and may not be withdrawn once it is granted.

This subsection requires both a review of Mr. Kailey's performance record and an award of earned time credits to Mr. Kailey to the extent he is entitled to such credits based on that review. It is undisputed that some earned time credits have been awarded to Mr. Kailey.

Mr. Kailey cites also §17-22.5-402, C.R.S., which became effective in 1990. This statute provides that no inmate shall be discharged from the DOC "until he has remained the full term for which he was sentenced . . . ." §17-22.5-402(1), C.R.S. However, this statute provides also that "the full term for which an inmate is sentenced

4

shall be reduced by any . . . earned time granted pursuant to section 17-22.5-405," subject to exceptions not applicable here.  §17-22.5-402(2), C.R.S.

On several occasions, including the cases discussed above, the Colorado Supreme Court has interpreted the effect of these and other statutes on the determination of a DOC inmate's parole eligibility and entitlement to release from the DOC.  Even after §17-22.5-405, C.R.S. became effective in 1990, the Colorado appellate courts continued to hold that earned time credits do not constitute service of an inmate's sentence and, therefore, such credits are not relevant to a determination of the date on which a DOC inmate has served his sentence fully.  **Jones v. Martinez**, 799 P.2d 385, 386 - 388 (Colo. 1990); **Meyers v. Price**, 842 P.2d 229, 232 (Colo. 1992).

This court is bound by the Colorado Supreme Court's construction of Colorado law.  **Fultz v. Embry**, 158 F.3d 1101, 1103 (10th Cir. 1998). Applying the law as determined by the Colorado Supreme Court, Mr. Kailey's earned time credits are not relevant to a determination of the date on which he is entitled to mandatory release from the DOC.  Even if Mr. Kailey was awarded the additional 1,154 days of earned time credits to which he claims entitlement,[2] such an award would not require that Mr. Kailey be released from the DOC at an earlier date.  An award of these additional earned time credits would not constitute service of Mr. Kailey's sentence.

Notably, the respondents estimate Mr. Kailey's "statutory discharge date" to be February 27, 2013.  *Response* [#18], Exhibit A-2, ¶ 11.  The term "statutory discharge

---

[2]  In a case filed by Mr. Kailey in 2011, Mr. Kailey asserted that he improperly had been denied earned time credits.  **Kailey v. Ritter**, Civil Action No. 11-cv-00143-LTB (D. Colo. June 23, 2011) (dismissing as frivolous due process, double jeopardy, and disparate treatment claims concerning award of earned time credits).  This court dismissed Mr. Kailey's claims as frivolous.  *Id.*, *Order of Dismissal* [#14] filed June 23, 2011.  In **Kailey v. Ritter**, the court noted that earned time credits serve only to establish parole eligibility and that Mr. Kailey is not entitled to mandatory parole.

date" is not defined in the respondents' filings.  The respondents' calculation of Mr. Kailey's statutory discharge date includes consideration of (1) Mr. Kailey's sentencing date of January 10, 1986; (2) 14 days of presentence confinement granted to Mr. Kailey; (3) the time Mr. Kailey has served in the DOC; (4) 1,709 days of earned time credits previously granted to Mr. Kailey; and (5) an estimated 30 days of projected additional earned time credits which may be awarded to Mr. Kailey in the future.  *Id.*  Even though Colorado law does not mandate Mr. Kailey's release on this date, the Colorado State Board of Parole has the *discretion* to release Mr. Kailey on parole before Mr. Kailey has served his prison sentence fully.  **Rather v. Suthers**, 973 P.2d 1264, 1267 (Colo. 1999).

## V.  CONCLUSION & ORDERS

Under Colorado law, Mr. Kailey would not be entitled to release from the DOC even if he were credited with all of the earned time credits to which he claims entitlement.  Earned time credits, no matter how many Mr. Kailey may have, do not constitute service of Mr. Kailey's sentence and, therefore, do not determine the date on which Mr. Kailey has served his sentence fully.  Mr. Kailey has not shown that he is in custody in violation of the Constitution or laws or treaties of the United States.  Thus, he is not now entitled to habeas corpus relief under 28 U.S.C. § 2241.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Application for a Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241** [#5] filed March 12, 2012, is **DENIED**;

2. That this case is **DISMISSED WITH PREJUDICE**;

3. That under FED. R. CIV. P. 58, judgment **SHALL ENTER** in favor of the respondents William Price, and the Attorney General of the State of Colorado against

the applicant Randy Kailey; and

    4.  That the respondents are **AWARDED** their costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated June 21, 2012, at Denver, Colorado.

    **BY THE COURT:**

Robert E. Blackburn
United States District Judge